```
              IN THE UNITED STATES DISTRICT COURT FOR THE
                     EASTERN DISTRICT OF VIRGINIA
                          Alexandria Division
```

All Points Capital Corp.,       )
                                )
    Plaintiff,              )
                                )
    v.                      )   Civil Action No. 1:10cv260
                                )
D.L.T. Direct, Inc., <u>et al.</u>,  )
                                )
    Defendants.             )

<u>REPORT AND RECOMMENDATION</u>

This matter came before the Court on plaintiff's Motion for Default Judgment as to D.L.T. Direct, Inc. ("DLT") (Dkt. No. 9). After no representatives for defendant DLT appeared at the hearing on plaintiff's Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## I. <u>INTRODUCTION</u>

Plaintiff All Points Capital Corporation ("APCC") filed this action on March 17, 2010 against D.L.T. Direct, Inc. ("DLT") and David L. Taylor to recover on a promissory note and related obligations and to enforce a security interest. Plaintiff is a New York corporation with its principal place of business in the State of New York. (Compl. ¶ 1.) Defendant DLT is a Maryland Corporation doing business in Sterling, Virginia, with its principal place of business in Sterling, Virginia. (Compl. ¶ 2.)

Plaintiff seeks a judgment against DLT, awarding plaintiff damages, late charges, interest, attorneys' fees, costs, and recognition and enforcement of APCC's security interest in the

collateral set forth in Paragraphs 8 and 25 of the Complaint.

## A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this case because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. (28 U.S.C. § 1332(a)(1); Compl. ¶ 5.) In her June 2, 2010 declaration, Senior Vice President for Asset Recovery at APCC, Catherine Wilinski, asserts unpaid principal totaling $462,276.81. (Wilinski Decl. ¶ 6.) Personal jurisdiction over defendant is proper because defendant DLT maintains or maintained its principal place of business in Sterling, Virginia, and APCC personally served DLT's registered agent for service of process, Stephen G. Cochran, in Vienna Virginia on March 22, 2010. (Compl. ¶ 2; Dkt. No. 4.)

Venue is proper in this District pursuant to 28 U.S.C. § 1391 and § 127(a). Defendant DLT is a resident of this judicial district. (Compl. ¶ 2.)

## B. Process and Service

On March 22, 2010, plaintiff's process server personally served the Complaint and Summons as to DLT on DLT's registered agent, Stephen G. Cochran, at 8280 Greensboro Drive, Suite 601, McLean Virginia. (Dkt. No. 4.)

## C. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this matter. Default was entered by the Clerk of this Court on June 3, 2010 (Dkt. No. 8.)

## II. FACTUAL FINDINGS

Upon a full review of the Complaint, all relevant pleadings, plaintiff's Motion for Default Judgment on the Complaint, and the documents submitted in proof of damages, the undersigned Magistrate Judge finds that plaintiff has established the following facts.[1]

On May 11, 2007, Defendant DLT executed a promissory note (the "Note") in favor of Great Atlantic Capital Corporation ("GACC") in the principal amount of $720,000.00. (Compl. ¶ 7.) On the same date as it executed the Note, DLT also executed a Security Agreement (the "Security Agreement") in favor of GACC, pursuant to which DLT granted to GACC a security interest in the following movable property (Compl. ¶ 8.):

> One (1) 1999 Didde Viper Eight Color Variable Printing Press, S/N 6480006 including On Line Energy Dry Trap UV Curing System, Quad Tech RGS IV Register System, GMI Microcolor I Console, Eight (8) 14" Inserts, Eight (8) 22" Inserts, Viper Sheeter, Didde Stacker, S/N 408-0672 and Conveyor, S/N SO 1417, Fordyce Fan Folder, Three (3) Storage Racks, Insert Lift Cart;

---

[1] The pleadings include the Complaint (Dkt. No. 1.), plaintiff's Motion for Default Judgment ("Mot. for Default J.")(Dkt. No. 9.), Memorandum in Support thereof ("Mem. in Supp. of Mot. for Default J.")(Dkt. No. 10.), and documents in support of the Mot. for Default J., including the Declaration of Catherine Wilinski ("Wilinski Decl.").

One(l) 2004 Fuji Dual Laser Semi/Auto Saber VX6000 with Premium Care, Gravity Stacker 48, Fuji Output Director;

One (1) 2004 AWS Nexus Workflow Solution including Nexus RIP and Import, Intel RIP Hardware Basic Package, Two (2) Four (4) UPCTP Plate Driver/30" Plate Driver, AWS Nexus Edit Software Upgrade;

One (1) Muller Martini Minuteman 1509 Stitcher, S/N 949160 Four Pocket, Cover Feeder, Stitcher, Trimmer and Delivery, Fifth Knife Attachment;

One (1) 2005 Isuzu Van Vin#4GTJ7F1355F700921

One (1) 2006 Isuzu Van Vin#4GTJ7F1376F700002

The Note called for DLT to pay sixty (60) successive monthly installment payments (which installments are inclusive of interest), each in the amount of $15,122.00, commencing on July 13, 2007, with like monthly installments being payable on the same date each month thereafter. (Compl. ¶ 9.)

Under the terms of the Note, if any installment payment or other payment is not paid within ten (10) days of its due date, DLT shall pay as liquidated damages: (1) a late charge on, and in addition to, the installment payment or other payment, equal to two percent (2%) of such defaulted payment; and (2) interest on such defaulted payment from ten (10) days after its

4

due date until paid at the lower of two percent (2%) per month or the maximum rate permitted by law. (Compl. ¶ 10.) Moreover, the Note provides that, after the expressed or declared maturity of the Note, DLT shall pay interest on the unpaid principal balance at two percent (2%) per month to the extent permitted by law. (Compl. ¶ 10.)

The Note further provides that in the event an action is instituted upon the Note or under Security Agreement, DLT shall pay, in addition to unpaid principal, interest and late charges, the expenses of collection incurred by GACC, including reasonable attorneys' fees. (Compl. ¶ 11.)

In addition, on May 11, 2007, David Taylor, the President of DLT, entered into a personal guaranty agreement (the "David Taylor Guaranty") with GACC, pursuant to which David Taylor agreed to personally guarantee the performance of all of the obligations of DLT whether now existing or hereafter incurred, thereby including the obligations under the Note and Security Agreement. (Compl. ¶ 12.)

Thereafter, on June 22, 2007, GACC entered into an agreement with plaintiff, APCC (the "Assignment"), under which GACC assigned to APCC all of the rights and remedies but not the obligations of GACC (1) under the contract documents, including the Note and the Security Agreement; (2) to the equipment secured as collateral thereto; and (3) to all guaranties relating thereto. (Compl. ¶ 13.) Several days earlier, on June 15, 2007, DLT acknowledged the Assignment in writing (the "Acknowledgment'"). (Compl. ¶ 13.)

On April 27, 2007, GACC recorded a financing statement with the Maryland State Department of Assessments and Taxation, evidencing GACC's security interests in all of the above described collateral. (Compl. ¶ 14.) On July 16, 2007, GACC recorded an amendment to its financing statement, to add the serial number to the description of the Didde Viper Eight Color Variable Printing Press. (Compl. ¶ 14.) And again, on August 13, 2007, GACC recorded an amendment to its financing statement, showing the assignment of its security interests to APCC. (Compl. ¶ 14.) As such, the security interest in the above described collateral has been perfected. (Compl. ¶ 14.)

Beginning in July 2009, DLT failed to pay the monthly installments due under the Note and has failed to pay any of the monthly installments as due under the Note since June 2009. (Compl. ¶ 15.)

Accordingly, on August 19, 2009, APCC sent a letter notifying David Taylor, as President of DLT and as personal guarantor of the Note and Security Agreement, that by reason of DLT's default under the Note and Security Agreement, namely, failure to pay monthly installments for the months beginning July 2009 and continuing thereafter, the Note was in default (the "Notice Letter"). (Compl. ¶ 16.) APCC further notified DLT and David Taylor that APCC had accelerated the balance due under the Note, in accordance with its terms. (Compl. ¶ 16.)

As of the date of the Notice Letter, August 19, 2009, the current balance owing under the Note was: (1) $462,276.81 in principal; (2) $756.10 in late charges; and (3) $11,036.49 in

6

interest, for a total amount of $474,069.40, with interest continuing to accrue at the default rate of $309.18 per diem or at the maximum amount permitted by law. (Compl. ¶ 17.) In the Notice Letter, APCC demanded immediate payment of these amounts. (Compl. ¶ 17.)

Despite APCC's amicable demand, no further payments on the Note have been made. (Compl. ¶ 18.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the court must ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate the plaintiff's claims against the standards of Fed. R. Civ. P. 12(b)(6).

The Note provides that it is governed by New Jersey law. (Ex. 1 to Compl.) The U.S. District Court for New Jersey has ruled that a "party seeking to enforce a promissory note on a motion for summary judgment may carry its burden under Fed. R. Civ. P. 56 by introducing copies of the negotiable instrument and other relevant documents." 63 Nobe Mortg. Investors, LLC v. 63 North Beach, LLC, 2009 WL 90361, *3 (D.N.J.) In the Complaint, APCC set forth detailed facts establishing that DLT signed the Note and granted the security interest in the described collateral. APCC also attached as exhibits to the Complaint the Note, the Security Agreement and amendments, the assignment to

7

APCC by GACC, and other documents related to borrowing by DLT. The factual allegations in the Complaint and authenticity of the exhibits attached are verified by the Declaration of Catherine Wilinski. (Ex. 1 to Mot. in Supp. Default J.)

Based upon a review of the pleadings submitted in this matter, the Court finds plaintiff's allegations to be sufficiently pled.

## IV. REQUESTED RELIEF

Plaintiff seeks damages in the amount of $462,276.81, late charges in the amount of $756.10, and interest as of August 19, 2009 in the amount of $11,036.49. (Mem. in Supp. Default J. ¶ 40; Wilinski Decl. ¶ 6.) Therefore, plaintiff seeks a total award of $474,069.40.

Additionally, plaintiff seeks interest accruing since August 19, 2009 at the default rate of $309.18 per diem until the date of entry of final judgment, with interest accruing after the date of entry of final judgment at the federal rate of legal interest pursuant to 28 U.S.C. 1961. (Mem. in Supp. Default J. ¶ 40; Wilinski Decl. ¶ 6.)

Plaintiff also seeks costs of the proceedings and reasonable attorneys' fees, with the right to seek recovery of any future attorneys' fees incurred in opposing an appeal of this judgement and in enforcement or collection efforts related to this judgment. (Mem. in Supp. Default J. ¶ 40; Wilinski Decl. ¶ 6.)

Finally, plaintiff seeks recognition and enforcement of APCC's duly perfected security interest in the collateral set forth in Paragraphs 8 and 25 of the Complaint. (Mem. in Supp. Default J.

¶ 40; Wilinski Decl. ¶ 6.)

## V. RECOMMENDATION

The Magistrate Judge recommends entry of judgment in the amount of **$474,069.40** in favor of plaintiff against defendant. Specifically, the undersigned recommends an award of $462,276.81 in principal, $756.10 in late charges, and $11,036.49 in interest as of August 19, 2009.

The undersigned further recommends that plaintiff is entitled to recover interest accruing since August 19, 2009 at the default rate of $309.18 per diem until the date of entry of final judgment, interest accruing after the date of entry of final judgment at the federal rate pursuant to 28 U.S.C. 1961, all costs of these proceedings, reasonable attorneys' fees with the right to seek recovery of future attorneys' fees incurred in opposing an appeal of this judgment and in enforcement or collection efforts relating to this judgment, and recognition and enforcement of APCC's duly perfected security interest in the collateral set forth in the Complaint.

## VI. NOTICE

The parties are advised that exceptions to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure must be filed 14 days after service. A failure to object waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and

Recommendation to all counsel of record and defendant at the following address:

>D.L.T. Direct, Inc.
>Through its registered agent
>Stephen G. Cochran
>8221 Old Courthouse Road
>Suite 300
>Vienna, VA 22182

>_____/s/_____
>THERESA CARROLL BUCHANAN
>UNITED STATES MAGISTRATE JUDGE

July 8, 2010
Alexandria, Virginia