```
            IN THE UNITED STATES DISTRICT COURT FOR THE
                    EASTERN DISTRICT OF VIRGINIA
                         Alexandria Division
```

All Points Capital Corp.,      )
                               )
     Plaintiff,                )
                               )
     v.                        )    Civil Action No. 1:10cv260
                               )
D.L.T. Direct, Inc., et al.,   )
                               )
     Defendants.               )

## MEMORANDUM OPINION

This matter came before the Court on plaintiff's Motion for Partial Summary Judgment as to defendant David Taylor ("Taylor"). (Dkt. 31). Upon consideration of the pleadings and supporting documents, the Court makes the following findings.

### I. INTRODUCTION

Plaintiff All Points Capital Corporation ("APCC") filed this action on March 17, 2010 against D.L.T. Direct, Inc. ("D.L.T.") and David L. Taylor ("Taylor") to recover on a promissory note and related obligations. (Dkt. 1). Plaintiff is a New York corporation with its principal place of business in the State of New York. (Compl. ¶ 1.) Defendant D.L.T. is a Maryland Corporation doing business in Sterling, Virginia, with its principal place of business in Sterling, Virginia. (Compl. ¶ 2). Defendant Taylor is the president of D.L.T., and a resident of Bridge, Maryland. (Compl. ¶¶3,12).

This Court awarded default judgment against defendant D.L.T. on July 27, 2010. (Dkt. 23). Here, plaintiff seeks a judgment against defendant Taylor. (Dkt. 1, Compl. ¶¶19-23). Plaintiff

requests the unpaid principal balance of $462,276.81, late charges in the amount of $756.10, and interest in the amount of $125,681.14. (Motion S.J. at 6; Wilinski Decl.¶¶ 5,6). Plaintiff also seeks reasonable attorneys' fees in the amount of $13,851.67. (Ex. A; Ex. D; Supp. Mauler Decl. ¶¶3-4.) In total, plaintiff seeks an award of $602,565.72.

## II. LEGAL STANDARD

Summary judgment is appropriate when the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996). The party seeking summary judgment has the initial burden of showing the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Where a party seeks to enforce a promissory note on a motion for summary judgment, it may carry its burden under Fed. R. Civ. P. 56 by introducing copies of the negotiable instrument and other relevant documents. *63 Nobe Mortg. Investors, LLC v. 63 North Beach, LLC*, 2009 WL 90361, *3 (D.N.J.)[1]

---

[1] Here, the Note in question indicates that it is governed by New Jersey law. (Ex. A).

After a motion for summary judgment is properly made, the nonmoving party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). To defeat a properly supported motion for summary judgment, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 247-48. "Conclusory allegations unsupported by specific evidence will be insufficient to establish a genuine issue of material fact." *Luzan v. Nat'l Wildlife Fed'm*, 497 U.S. 871, 902 (1990).

### III. <u>FACTUAL FINDINGS</u>

Upon a full review of all relevant pleadings, plaintiff's Motion for Summary Judgment, and defendant's opposition, the undersigned Magistrate Judge finds that the following facts are undisputed.[2]

On May 11, 2007, Defendant D.L.T. executed a promissory note (the "Note") in favor of Great Atlantic Capital Corporation ("GACC") in the principal amount of $720,000.00. (Ex. A; Wilinski

---

[2] The pleadings include the Complaint (Dkt. No. 1.), defendant's Answer (Dkt. 24), plaintiff's Motion for Partial Summary Judgment ("Motion S.J.")(Dkt. 31), Memorandum in Support thereof ("Mem. in Supp. of Mot. for S.J.")(Dkt. 32), and documents in support of the Mot. for S.J., including copies of the promissory note (Ex. A), security agreement (Ex. B), financing statement (Ex. C), Taylor's personal guaranty (Ex. D), and D.L.T.'s payment history (Ex. E), as well as the Supplemental Declaration of Daniel Mauler ("Supp. Decl. Mauler", Dkt. 37). The authenticity of all documents is verified in a declaration by Catherine Wilinski, Vice President of Asset Recovery for plaintiff APCC. ("Wilinski Decl."). The Court notes that defendant has put forth no evidence in support of its opposition. (Dkt. 35).

3

Decl.¶4(a)). On the same date, D.L.T. also executed a Security Agreement (the "Security Agreement") in favor of GACC. (Ex. B.; Wilinski Decl.¶4(b)). Also, David Taylor, the President of D.L.T., entered into a personal guaranty agreement ("Personal Guaranty") with GACC. Pursuant to the Personal Guaranty, defendant Taylor agreed to personally guarantee the performance of all of the obligations of D.L.T., whether now existing or hereafter incurred, including the obligations under the Note and Security Agreement. (Ex. D; Wilinski Decl. ¶4(d),4(i))

The Note calls for D.L.T. to pay sixty (60) successive monthly installment payments (which installments are inclusive of interest), each in the amount of $15,122.00, commencing on July 13, 2007. (Ex. A)

The Note further provides that in the event an action is instituted upon the Note or under Security Agreement, D.L.T. shall pay, in addition to unpaid principal, interest and late charges, the expenses of collection incurred by GACC, including reasonable attorneys' fees. (Ex. A).

On June 22, 2007, GACC entered into an agreement with plaintiff, APCC, under which GACC assigned to APCC all of the rights and remedies of GACC (1) under the contract documents, including the Note and the Security Agreement; (2) to the equipment secured as collateral thereto; and (3) to all guaranties relating thereto. (Ex. I; Wilinkski Decl. ¶4) Several days earlier, on June 15, 2007, D.L.T. and Taylor acknowledged this assignment in writing. (Ex. J; Wilinski Decl. ¶¶4(c),4(i)).

D.L.T. has failed to pay any of the monthly installments due

under the Note, beginning with the June 2009 installment. (Ex. E; Wilinski Decl.). Accordingly, on August 19, 2009, APCC sent a letter notifying David Taylor, as President of D.L.T. and as personal guarantor of the Note and Security Agreement, that by reason of D.L.T.'s failure to make monthly payments, the Note was in default, and that APCC had accelerated the balance due under the Note, in accordance with its terms. (Ex. F; Wilinski Decl. ¶4(f)). The letter demanded immediate payment. No further payments on the Note have been made. (Motion S.J. at 5; Wilinksi Decl. ¶8).

As of September 1, 2009, the balance owing under the Note was: (1) $462,276.81 in principal; (2) $756.10 in late charges; and (3) $11,036.49 in interest, which began to accrue at an increased rate of 24% as of July 30, 2009, pursuant to the terms of the Note. (Ex. E; Wilinski Decl.¶6). Legal fees for the months of July and August total $4,531.67, and are $9,320.00 for September, 2010, such that the total amount requested in legal fees is $13,851.67 (Ex. G; Ex. H; Supp. Decl. Mauler at ¶¶3-4). In total, plaintiff requests $602,565.72.

## V. CONCLUSION

The Court finds that summary judgment in favor of plaintiff is proper because there is no issue of material fact as to defendant Taylor's obligations under the Note, Security Agreement, and Personal Guaranty. The Magistrate Judge orders that judgment be entered in the amount of **$602,565.72** in favor of plaintiff against defendant Taylor. Specifically, the undersigned finds plaintiff is entitled to an award of $462,276.81 in

principal, $756.10 in late charges, $125,681.14 in interest as of September 1, 2010, and attorneys' fees in the amount of $13,851.67. (Ex. K, Supp. Decl. Mauler ¶4).

_____/s/_____<br>
THERESA CARROLL BUCHANAN<br>
UNITED STATES MAGISTRATE JUDGE

November 2, 2010
Alexandria, Virginia